IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:01-1072-HMH |
| vs. | ) | |
| | ) | |
| Denny Ellis, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Denny Ellis's ("Ellis") motion to vacate, set aside, or correct, his August 27, 2007, sentence of thirty-six months for his second revocation of supervised release pursuant to 28 U.S.C. § 2255.

First, Ellis alleges that his attorney was constitutionally ineffective for failing to file an appeal as requested. However, this claim is wholly without merit. Pursuant to the Sixth Amendment, a defendant is entitled to the assistance of counsel at all critical stages of a criminal proceeding against him. United States v. Wade, 388 U.S. 218, 226 (1967). In Gagnon v. Scarpelli, 411 U.S. 778, 787-88 (1973), the United States Supreme Court held that a revocation of probation proceeding is not a "stage" in a criminal prosecution. Therefore, a defendant has no Sixth Amendment constitutional right to the assistance of counsel at such proceedings.

"[B]ecause there is no constitutional right to counsel on appeal from revocation of supervised release, or even at the revocation hearing itself, there could be no ineffective assistance of counsel claim based on counsel's failure to file an appeal." United States v. Allgood, 48 F. Supp. 2d 554, 560 (E.D. Va. 1999); United States v. Drew, 2 F. Supp. 2d 781, 783 (E.D. Va. 1998) ("Since defendant had no constitutional right to counsel on appeal from his revocation hearing, he could not be deprived of effective assistance by counsel's failure to file

1

an appeal."). Based on the foregoing, Ellis's ineffective assistance of counsel claim is dismissed.

Second, Ellis argues that his thirty-six month sentence for his second revocation of supervised release exceeds the statutory maximum of three years' imprisonment allowed for a Class B felony pursuant to 18 U.S.C. § 3583(e)(3), because Ellis did not receive credit for the ten-month sentence that he received for his first revocation of supervised release. The court agrees. The court sentenced Ellis to ten months' imprisonment for his first supervised release violation on August 23, 2004. On August 27, 2007, the court sentenced Ellis to thirty-six months' imprisonment for his second supervised release violation. Under § 3583(e)(3), the court could sentence Ellis up to twenty-six months' imprisonment for his second supervised release violation. See United States v. Maxwell, 285 F.3d 336, 341 (4th Cir. 2002) (finding that the district court committed plain error in failing to "aggregate the term of imprisonment imposed upon Maxwell as part of his first postrevocation sentence with the term of imprisonment imposed as part of his second postrevocation sentence"). The court will enter an amended judgment reducing Ellis's sentence to twenty-six months' imprisonment.

It is therefore

**ORDERED** that Ellis's § 2255 motion is granted in part and denied in part.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
November 28, 2007

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal <u>this order</u> within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.